```
                          United States Bankruptcy Court
                           Middle District of Pennsylvania
```

In re:                                                              Case No. 16-03580-RNO
Richard R Stone                                                     Chapter 7
         Debtor                    **CERTIFICATE OF NOTICE**

District/off: 0314-1          User: CGambini           Page 1 of 1           Date Rcvd: Dec 09, 2016
                              Form ID: 318             Total Noticed: 7

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Dec 11, 2016.
```
db              #+Richard R Stone,    508 Market Street,    New Cumberland, PA 17070-1942
4827810         +Midland Funding,    2365 Northside Dr Ste 30,    San Diego, CA 92108-2709
4827817         +Verizon Wireless,    Po Box 49,    Lakeland, FL 33802-0049
```
Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
4827811         +E-mail/Text: bankruptcyteam@quickenloans.com Dec 09 2016 19:06:27      Quicken Loans,
                 1050 Woodward Avenue,    Detroit, MI 48226-1906
4827813         +EDI: RMSC.COM Dec 09 2016 18:58:00      Syncb/lowes,    Po Box 956005,    Orlando, FL 32896-0001
4827814         +EDI: WTRRNBANK.COM Dec 09 2016 18:58:00      Td Bank Usa/targetcred,    Po Box 673,
                 Minneapolis, MN 55440-0673
4827816         +EDI: VERIZONEAST.COM Dec 09 2016 18:58:00      Verizon,   500 Technology Dr Ste 30,
                 Weldon Spring, MO 63304-2225
                                                                                              TOTAL: 4

            ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
4827812*        +Quicken Loans,    1050 Woodward Ave,    Detroit, MI 48226-1906
4827815        ##+The Bureaus Inc,    1717 Central St,    Evanston, IL 60201-1507
                                                                                 TOTALS: 0, * 1, ## 1
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '#' were identified by the USPS National Change of Address system as requiring an update.
While the notice was still deliverable, the notice recipient was advised to update its address with the court
immediately.

Addresses marked '##' were identified by the USPS National Change of Address system as undeliverable.  Notices
will no longer be delivered by the USPS to these addresses; therefore, they have been bypassed.  The
debtor's attorney or pro se debtor was advised that the specified notice was undeliverable.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Dec 11, 2016                                  Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on December 9, 2016 at the address(es) listed below:
```
              Joshua I Goldman    on behalf of Creditor   Quicken Loans Inc. bkgroup@kmllawgroup.com,
               bkgroup@kmllawgroup.com
              Lawrence G. Frank (Trustee)    lawrencegfrank@gmail.com, PA39@ecfcbis.com
              Sean Patrick Quinlan    on behalf of Debtor Richard R Stone spqesq@hotmail.com,
               lesliebrown.paralegal@gmail.com
              United States Trustee    ustpregion03.ha.ecf@usdoj.gov
                                                                                             TOTAL: 4
```

| | | |
|---|---|---|
| Debtor 1 | **Richard R Stone** | Social Security number or ITIN xxx–xx–9585 |
| | First Name  Middle Name  Last Name | EIN __–_____ |
| Debtor 2 (Spouse, if filing) | First Name  Middle Name  Last Name | Social Security number or ITIN ____ |
| | | EIN __–_____ |

United States Bankruptcy Court  **Middle District of Pennsylvania**

Case number:  **1:16–bk–03580–RNO**

# Order of Discharge     12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 727 is granted to:

Richard R Stone

December 9, 2016

**By the court:**

Honorable Robert N. Opel
United States Bankruptcy Judge

By: CGambini, Deputy Clerk

### Explanation of Bankruptcy Discharge in a Chapter 7 Case

This order does not close or dismiss the case, and it does not determine how much money, if any, the trustee will pay creditors.

**Creditors cannot collect discharged debts**

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily or from paying reaffirmed debts according to the reaffirmation agreement. 11 U.S.C. § 524(c), (f).

**Most debts are discharged**

Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts owed before the debtors' bankruptcy case was filed.

Also, if this case began under a different chapter of the Bankruptcy Code and was later converted to chapter 7, debts owed before the conversion are discharged.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**For more information, see page 2 >**

**Some debts are not discharged**

Examples of debts that are not discharged are:

- debts that are domestic support obligations;

- debts for most student loans;

- debts for most taxes;

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for most fines, penalties, forfeitures, or criminal restitution obligations;

- some debts which the debtors did not properly list;

- debts for certain types of loans owed to pension, profit sharing, stock bonus, or retirement plans; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

Also, debts covered by a valid reaffirmation agreement are not discharged.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of the bankruptcy discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**